**JON M. SANDS**
Federal Public Defender
**ELENA M. KAY**
State Bar No. 026391
**JORDAN P. MALKA**
IL State Bar No. 6321055
Assistant Federal Public Defenders
407 W. Congress St., Suite 501
Tucson, AZ 85701
Telephone: (520) 879-7500
*elena_m_kay@fd.org*
*Jordan_malka@fd.org*
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 23-6412 (LCK) |
| Plaintiff, | **WAIVER OF PRELIMINARY HEARING** |
| vs. | |
| John Turscak, | |
| Defendant. | |

Defendant John Turscak, through counsel undersigned, hereby waives the Preliminary Hearing scheduled for Tuesday, December 19, 2023, at 2:00 P.M. Defense counsel waives this hearing in the hopes that the Government will provide early *Jencks Act* disclosure.

Early *Jencks* disclosure has positive benefits, as outlined by the Department of Justice Manual:

> Considerations Regarding the Scope and Timing of the Disclosures: Providing broad and early discovery often promotes the truth-seeking mission of the Department and fosters a speedy resolution of many cases. It also provides a

> margin of error in case the prosecutor's good faith determination of the scope of appropriate discovery is in error. Prosecutors are encouraged to provide broad and early discovery consistent with any countervailing considerations.

Justice Manual, 9-5.002 – Criminal Discovery (available at https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings) (accessed December 8, 2023).

In the instant case, the prosecutor has indicated that, despite the Defense's waiver of the preliminary hearing—frequently referred to by the bench in local practice as "waiving preliminary hearing in exchange for early *Jencks*"—the Government will withhold *Jencks* material in this case unless the Defense takes a second step of agreeing to a contract, drafted by the Government, known as a "disclosure agreement." Attached as Exhibit A.

The disclosure agreement is a local practice unique to the Tucson Division of the District of Arizona. If Defense signs the agreement, the Government agrees to provide early *Jencks* material—witness statements—with certain conditions. Those conditions include requiring the Defense to turn over documents, physical evidence, and witness summaries of non-experts ahead of trial, and to the possible exclusion of the same if the terms of the conditions are not met by the Defense. Furthermore, the Defense is required to agree to not provide copies or use copies of Government disclosure in the public record— "Defense counsel agrees that any disclosure provided by the government pursuant to this agreement is the property of the United States government and does not become a public document by virtue of its disclosure."

There is, however, a presumption that matters filed in this Court are public and that any party wishing to keep information sealed must first show that there is a compelling interest that justifies secrecy and outweighs the public interest and access to the information. *See, e.g.*, *United States v. Arredondo*, No. CR-12-1055-PHX-FJM(LOA), 2012 U.S. Dist. LEXIS 75005 at *1 (D. Ariz. May 30, 2012) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). In addition, the Sixth Amendment guarantees a defendant like Mr. Turscak the right to a public trial.

Ultimately, Mr. Turscak waives his right to a preliminary hearing. He requires additional time to consider whether he will accept the conditions outlined in the Government's disclosure agreement.

RESPECTFULLY SUBMITTED:             December 8, 2023.

JON M. SANDS
Federal Public Defender

*s/ Elena M. Kay, Jordan P. Malka*
ELENA M. KAY, JORDAN P. MALKA
Assistant Federal Public Defenders